IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:22-cv-2620

PAC-12 NETWORK, LLC,

      Plaintiff,

v.

DISH NETWORK, LLC,

      Defendant.

**COMPLAINT AND JURY DEMAND**

Plaintiff Pac-12 Network, LLC licenses live collegiate athletic events and related programming to television providers, including Defendant DISH Network, LLC. Pac-12's license agreement with DISH provides for the telecast of a certain number of college football games each year, but in the 2020 season—as in all collegiate and professional sports—the COVID-19 pandemic resulted in fewer games than in prior seasons. To honor its commitments contained in the license agreement, Pac-12 offered DISH nearly [REDACTED] in rebates for the shortened 2020 football season.

Yet now, in 2022, DISH contends that it is entitled to [REDACTED] in additional license fee reimbursements *for the prior two seasons*, 2018 and 2019, even though there is no dispute that Pac-12 provided—and DISH broadcasted—the guaranteed number of games for both of those seasons. DISH's baseless position—that the shortened Pac-12 Conference football season during the *2020-2021* contract year, caused entirely by an unprecedented and unforeseeable global

pandemic, allows it to claw back license fees for the two years *prior*—is contrary to the plain language of the parties' agreement. And to make matters worse, DISH now has begun to engage in impermissible self-help by withholding *currently due* license payments on the basis of its unjustified position, and is therefore in breach of the parties' agreement.

Pac-12 thus seeks damages and injunctive relief for DISH's breach of contract, to both recoup the license fees DISH has already improperly withheld and to prevent any continued withholding of fees due under the parties' agreement.

## JURISDICTION AND VENUE

1. This is a civil action in which Plaintiff seeks damages and injunctive relief for DISH's breach of contract.

2. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1332. The parties are citizens of different states and the amount in controversy exceeds $75,000.

3. This Court has personal jurisdiction over DISH pursuant to Colo. Rev. Stat. § 131-124. DISH is incorporated and maintains its principal place of business in the state. In addition, it continuously and systematically transacts business in Colorado. Upon information and belief, it employs thousands of people and services tens of thousands of customers within the state.

4. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c). DISH's breach of contract, and other events and omissions complained of herein, occur or have occurred in this district, and this is a district in which DISH resides or may be found. The parties' agreement does not include a venue provision.

## PARTIES

5.     Plaintiff Pac-12 Network, LLC operates a 24/7 television network with regional and national network feeds, featuring collegiate athletic events and related programming involving the member schools of the Pac-12 Conference.  Pac-12 Network, LLC is a corporation organized and existing under the laws of the state of Delaware with its principal place of business at 360 3rd St., San Francisco, CA 94107.

6.     Defendant DISH Network, LLC is a wholly owned subsidiary of DISH DBS Corporation, a publicly traded company, and a wholly owned indirect subsidiary of DISH Network Corporation, a publicly traded company.  It provides satellite and streaming TV services to millions of customers, and upon information and belief, has annual revenues exceeding $10 billion. DISH Network, LLC is a corporation organized and existing under the laws of the state of Colorado with its principal place of business at 9601 South Meridian Blvd., Englewood, Colorado 80112.

## STATEMENT OF FACTS

7.     The Pac-12 Conference ("Conference") is a non-profit organization responsible for the intercollegiate athletics of its twelve member institutions: University of Arizona, Arizona State University, University of California Berkeley, University of California Los Angeles, University of Colorado, University of Oregon, Oregon State University, University of Southern California, Stanford University, University of Utah, University of Washington, and Washington State University.

8.     In 2012, the Conference launched a television network called "Pac-12 Network" (the "Network"), operated by Plaintiff Pac-12 Network, LLC ("Plaintiff" OR "Pac-12").  Pac-12

3

creates, produces, and licenses the 24-hour, 7-day a week network, which is comprised of one national and six regional television feeds and features live collegiate athletic events and related programming designed to connect fans with their favorite Conference teams and universities. As a subsidiary of the Conference, all of Pac-12's profits get distributed to the Conference member schools.

### Agreement Between Pac-12 and Dish

9. Pac-12 and DISH are parties to an Amended Term Sheet (the "Agreement") dated September 2, 2016. Pursuant to the Agreement, Pac-12 granted DISH the right and license to distribute the Network to its subscribers, and in return, DISH agreed to pay Pac-12 monthly fees based on the number of DISH subscribers receiving the Network. The Agreement provides per-subscriber rates for calculating the fees owed by DISH; the rates vary based on the geographic location of a subscriber and increase each year during the life of the Agreement. Fees are due to Pac-12 ▮▮▮ after the end of each calendar month. The text of the fee provision is as follows:



10. The term of the Agreement runs through ▮▮▮▮▮▮▮▮▮.

11. The Agreement includes minimum game telecast requirements. These provide that, in a contract year, Pac-12 must air a minimum number of live games in particular sports.

4

These requirements are termed ████████████████; the requirement for football is as follows:

████████████████████████████████████████████████████.

12. The ████████████████ for football has two parts: (i) ████████████████████████████████ and (ii) ████████████████████████████████████.

13. The Agreement provides that, in the event Pac-12 does not meet a ████████████████, DISH is entitled to a one-time license fee "rebate":

████████████████████████████████████████████████████████████████████████.

14. The plain text of this provision provides that DISH may be compensated *once* for losses resulting from a shortfall in live football games in a season. And the provision provides that DISH is entitled to a rebate for Pac-12's failure to meet the ████████████████ *or* a rebate for Pac-12's failure to meet the ████████████—not both.

### 2020-2021 Contract Year

15. The 2020 Conference football season was originally scheduled to include 91 games, beginning on September 26, 2020, and ending on December 5, 2020.

16.   In the months leading up to the 2020 season, in light of the COVID-19 pandemic, the Conference held near-daily meetings to assess the health risks involved with proceeding with the season, including with experts in public health, infectious disease, epidemiology, and cardiology.  Based on numerous factors, including, but not limited to, testing capacity, community spread in the Conference's geographical areas, and the unavailability of vaccines, the Conference made the difficult but necessary decision to delay and shorten the 2020 season.  The season was delayed until November 6, 2020.  Furthermore, all games with teams other than those from Conference schools were canceled, and several in-conference games were canceled due to COVID-19 cases among student athletes.

17.   The 2020 football season ultimately included 32 football games, rather than the 91 that typically would have been played.  As a result, Pac-12 aired only one live football game on the Network during the 2020-2021 contract year.

18.   In a February 11, 2022 letter, Pac-12 offered DISH a rebate of ███████,[1] calculated pursuant to the parties' agreed-upon rebate provision.  This rebate fairly compensates DISH for Pac-12's inability to meet the ████████████████ due to COVID-19.

19.   In a March 10, 2022 letter, DISH accepted this rebate.  While DISH noted that Pac-12 had also failed to meet the ████████████████ for the 2020-2021 contract year, it elected to receive the rebate tied to the ████████████████, which was significantly greater.

---

[1] Pac-12 determined, based on subsequent calculations, that the correct amount for the rebate is slightly higher—█████████.

20.  But DISH also inexplicably demanded from Pac-12 additional rebates for the two contract years *before* 2020-2021.  DISH contended that the ▮▮▮▮▮ related to the 2018 and 2019 seasons were no longer satisfied because ▮▮▮▮▮ for those seasons ▮▮▮▮▮, and that the ▮▮▮▮▮ ▮▮▮▮▮.  On this basis, DISH claimed that Pac-12 was out of compliance for the 2018-2019 and 2019-2020 contract years—even though Pac-12 indisputably met its ▮▮▮▮▮ for both the 2018 and 2019 seasons and issued an ▮▮▮▮▮ rebate to DISH which made it whole for the 2020 season.

21.  DISH's assertion that it is entitled to prior season rebates is improper and unreasonable, not only because it is inconsistent with the terms of the Agreement, but also because DISH could not possibly have suffered losses during the 2018-2019 and 2019-2020 contract years from COVID-19–related football shortfalls occurring one to two years thereafter.

22.  Based on its unreasonable position, DISH has demanded ▮▮▮▮▮ and ▮▮▮▮▮, respectively, in additional rebates for the 2018-2019 and 2019-2020 contract years.[2]

---

[2] DISH also has erroneously demanded a ▮▮▮▮▮ rebate in connection with the ▮▮▮▮▮ for 2020-2021.  That guarantee provides that Pac-12 must air at least ▮▮▮▮▮ in a contract year.  In 2020-2021, Pac-12 aired ▮▮▮▮▮.  However, as expressly stated in the Agreement, ▮▮▮▮▮ which is what happened in the 2021 season, when ▮▮▮▮▮.  Therefore, DISH's demand for an additional rebate related to the ▮▮▮▮▮ is similarly unjustified.

**Dish's Withholding of License Fees**

23. To recoup the full amount of rebates that DISH erroneously claims it is owed, it threatened, and then began, to unilaterally withhold license fees from Pac-12 amounting to ▆▆▆▆▆. To date, it has already withheld license fees amounting to ▆▆▆▆▆. This exceeds by ▆▆▆▆▆ the allowable rebate of ▆▆▆▆▆.

24. DISH's demands and self-help actions have severe and immediate consequences for Pac-12 and the Conference, and punish the academic institutions they represent for a pandemic over which they had no control. DISH seeks multiple recoveries for the same missed games, an unduly punitive position that has no basis in the parties' contract.

25. In light of this significant financial harm, Pac-12 seeks redress from this Court for DISH's breaches of the Agreement.

**FIRST CAUSE OF ACTION**

**(Breach of Contract)**

26. Pac-12 incorporates and re-alleges each and every allegation contained above as if fully set forth herein.

27. As set forth above, Pac-12 and DISH are parties to the Agreement, pursuant to which Pac-12 licensed to DISH the rights to distribute the Network in accordance with certain terms and conditions agreed upon by the parties.

28. In consideration of the licensing rights provided by Pac-12, DISH agreed to pay monthly fees to Pac-12 pursuant to Section 18 of the Agreement. Those fees are calculated pursuant to Exhibit C of the Agreement (which details per-Subscriber fees) and are due ▆▆▆▆▆ ▆▆▆ after the end of each month.

8

29. DISH has materially breached its payment obligations under the Agreement by failing to pay the license fees that are due. To date, it has withheld ██████████ in fees due under the Agreement, even though it is entitled to a rebate in connection with the 2020 football season of only ████████. In addition, DISH has stated its intention to continue to withhold additional license fees until it reaches a total of ██████████. As such, based on DISH's stated intent, it will withhold ████████ in excess of the rebate allowable under in the Agreement.

30. Pac-12 has performed all of its obligations, covenants, and conditions under the Agreement, except to the extent any such obligations, covenants, or conditions have been excused, prevented, or waived by DISH.

31. Pac-12 has been damaged as a direct and proximate result of DISH's material breaches of the Agreement, as set forth above. Plaintiff is entitled to judgment against DISH for breach of contract including an award of damages, in an amount to be determined at trial, and injunctive relief preventing additional withholding of license fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in its favor, and grant the following relief:

1. Finding Defendant liable for breach of contract, and awarding Plaintiff its damages, plus applicable interest;
2. Awarding injunctive relief against further withholding of license fees; and
3. Granting Plaintiff such other and further relief as the Court deems just and proper.

## **JURY TRIAL DEMAND**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues that are so triable.

Dated:  October 6, 2022

                                            */s/ Mitchell A. Kamin*
                                            Mitchell A. Kamin
                                            Neema T. Sahni
                                            Michael D. Fields
                                            COVINGTON & BURLING LLP
                                            1999 Avenue of the Stars, Suite 3500
                                            Los Angeles, CA 90067-4643
                                            Telephone: (424) 332-4800
                                            mkamin@cov.com
                                            nsahni@cov.com
                                            mfields@cov.com

                                            *Attorneys for Plaintiff*

## **NAME AND ADDRESS OF PLAINTIFF**

Pac-12 Network, LLC
360 3rd St.
San Francisco, CA 94107